UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv515

| | |
|---|---|
| CHRISTOPHER BONHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JEFFERSON PILOT FINANCIAL ) | ORDER |
| INSURANCE COMPANY n/k/a ) | |
| LINCOLN FINANCIAL GROUP d/b/a ) | |
| THE LINCOLN FINANCIAL ) | |
| COMPANY, ) | |
| and CONITEX SUNOCO, INC., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the "Motion to Partially Dismiss Amended Complaint" (Doc. No. 18) filed by Defendant Jefferson Pilot Financial Insurance Company ("Jefferson Pilot"); Plaintiff's Response (Doc. No. 20); and Jefferson Pilot's Reply (Doc. No. 23). For the reasons stated below, Jefferson's Pilot's motion will be **GRANTED IN PART** and **DENIED IN PART**.

I.  BACKGROUND

This is an action to recover benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Plaintiff is a former employee of Conitex Sunoco U.S.A., Inc. ("Conitex Sunoco U.S.A."), a subsidiary corporation of Conitex Sunoco, Inc. ("Conitex Sunoco"), where he worked as a Controller. At all times relevant, Conitex Sunoco offered its employees group insurance from Jefferson Pilot. As a full-time employee, Plaintiff was insured under Short-Term Disability ("STD") and Long-Term Disabiliy ("LTD") insurance policies issued

1

by Jefferson Pilot. Although the plans were related, each was a separate document assigned with a unique Group Policy Number.

Plaintiff was diagnosed with chronic fatigue syndrome sometime between 2002 and 2007. On March 1, 2007, Plaintiff stopped working and filed a claim for total disability with Jefferson Pilot. Although Plaintiff initially received STD benefits, Jefferson Pilot denied his claim for total disability and discontinued his eligibility for benefits after April 1, 2007. In its notice of denial, Jefferson Pilot explained that Plaintiff's claim had been denied because his condition was not a "Total Disability," as that term was defined in Plaintiff's STD benefits policy. Subsequent letters from Jefferson Pilot denying Plaintiff's administrative appeals were based upon the same finding.

On October 9, 2008, Plaintiff filed a Complaint in Gaston County Superior Court seeking to recover both STD and LTD benefits, naming Jefferson Pilot and Conitex Sunoco U.S.A. as defendants. On November 13, 2008, those defendants timely filed a Notice of Removal to this Court (Doc. No. 1), thereafter jointly filing a motion to dismiss Plaintiff's case (Doc. No. 5). In response, Plaintiff filed a motion for leave of court to amend his Complaint. (Doc. No. 8). Among other things, the amendents sought to replace Conitex Sunoco U.S.A. with its parent company, Conitex Sunoco, as the proper defendant. On July 8, 2009, the United States Magistrate Judge assigned to this case granted Plaintiff leave to amend his complaint. (Doc. No. 12). The Court then denied the original defendants' joint motion to dismiss as moot.

Plaintiff's Amended Complaint (Doc. No. 8-1)[1] states three causes of action against Jefferson

---

[1] Plaintiff has submitted two different versions of his Amended Complaint: a "Proposed Amended Complaint" (Doc. No. 8-1) that Plaintiff attached to his motion to amend (Doc. No. 8), and an "Amended Complaint" (Doc. No. 13) that Plaintiff later filed with the Court after his motion had been granted. The Amended Complaint contains additional allegations not present in the Proposed Amended Complaint. (E.g., compare Doc. No. 8-1 ¶ 10 & 16 with Doc. No. 13 ¶ 10 & 16). However, at the time Plaintiff filed the Amended Complaint, he did not move to

Pilot and Conitex Sunoco: (1) wrongful denial of STD and LTD benefits under 29 U.S.C. § 1132(a)(1)(B) (ERISA § 502(a)(1)(B)); (2) breach of fiduciary duty; and (3) a claim for declaratory judgment stating that Plaintiff is entitled to LTD benefits according to the terms of his policy. (Id. ¶¶ 24-40). On September 9, 2009, Jefferson Pilot filed the instant motion under Fed. R. Civ. P. ("Rule") 12(b)(6) seeking to dismiss Plaintiff's claims for denial of LTD benefits and breach of fiduciary duty. (Doc. No. 18 at 1-2). This motion has been fully briefed and is now ripe for review.

## II. DISCUSSION

### A. Dismissal under Rule 12(b)(6)

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked

---

further amend his Complaint or otherwise give notice to the Court that these two documents did not match.

   As Plaintiff could no longer amend his Complaint as a matter of course, he could do so only with the Court's leave or the opposing parties' written consent. Fed. R. Civ. P. 15(a)(2). When the Court granted Plaintiff's motion, its leave to amend was limited to the amendments set forth in the Proposed Amended Complaint. It did not grant Plaintiff permission to add additional claims or allegations. As an excuse, Plaintiff asserts that Jefferson Pilot was shown a copy of the Amended Complaint prior to its filing and "did not express any objection at that time to amendments to the complaint not contained in the proposed amended complaint." (Doc. No. 20 at 2 n. 1). Even if true, this claim is irrelevant: absent leave of court, Plaintiff needed Jefferson Pilot's written consent to further amend his complaint. Fed R. Civ. P. 15(a)(2). Thus, the Amended Complaint is improper to the extent it varies from the Proposed Amended Complaint. As such, the Court will strike the document titled "Amended Complaint" (Doc. No. 13) from the pleadings, and it will rely instead on Plaintiff's Proposed Amended Complaint (Doc. No. 8-1) for purposes of deciding Jefferson Pilot's motion to dismiss.

3

by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009) (quoting Towmbly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

B. **Administrative Exhaustion of LTD Benefits Claim**

Jefferson Pilot moves to dismiss Plaintiff's claim for wrongful denial of LTD benefits on the ground that Plaintiff's initial claim, which sought to recover STD benefits only, failed to exhaust the administrative remedies offered under the plan. Although ERISA does not contain an explicit exhaustion requirement, federal courts nevertheless require claimants to exhaust the administrative remedies available to them before filing a lawsuit for denial of benefits under ERISA. Makar v. Health Care Corp., 872 F.2d 80, 82 (4th Cir. 1989); see also Gatewood v. IBM Corp., No. 3:08cv242, 2009 WL 1652404, at *2 (W.D.N.C. June 11, 2009) (granting summary judgment for failure to exhaust administrative remedies). In Makar, the Fourth Circuit explained that "the exhaustion requirement rests upon the Act's text and structure as well as the strong federal interest encouraging private resolution of ERISA disputes," 872 F.2d at 82, and "Congress' apparent intent in mandating these internal claims procedures was to minimize the number of frivolous ERISA lawsuits; promote the consistent treatment of benefits claims; provide a nonadversarial dispute resolution process; and decrease the cost and time of claims settlement." Id. at 83 (citing Amato v. Bernard, 618 F.2d 559, 567 (9th Cir. 1988)).

This exhaustion requirement is waived, however, upon a plaintiff's "clear and positive" showing that any attempt to pursue an administrative remedy would have been futile. Id. at 83. A plaintiff must plead more than "bare allegations" of futility; the allegations must clearly show that

he was, or would have been, denied access to the claims procedures provided for in the benefits plan. Isaacs v. Metro. Life Ins. Co., 281 F. App'x 240, 244 n. 6 (4th Cir. June 13, 2008) (unpublished) (quoting Makar, 872 F.2d at 83). Allegations that the claims process itself was but a "mere formality" or "charade" are insufficient. Hickey v. Digital Equip. Co., 43 F.3d 941, 945 (4th Cir. 1995).

Relevant to the issue of administrative exhaustion are Paragraphs 10, 15, 16, and 17 of the Amended Complaint, which read as follows:

> 10. Plaintiff applied to [Jefferson Pilot] for STD and LTD benefits on March 1, 2007.
>
> . . .
>
> 15. Plaintiff was notified by letter dated May 21, 2007 that his claim for continued STD total disability benefits was denied and no further benefits would be provided. Said May, 21, 2007 letter of denial was attached as Exhibit "D" to the original complaint.
>
> 16. In and by denying the STD benefits claim, Defendants also denied Plaintiff's claim for LTD benefits and informed Plaintiff of such.
>
> 17. Thereafter, upon [Jefferson Pilot's] cessation and denial of benefits payments, Plaintiff sought future benefits from [Jefferson Pilot] under the STD and LTD policies and proceeded to follow the appeal process provided by Defendants including an appeal denial dated July 25, 2007 and resulting in a final letter of denial dated January 31, 2008. The January 31st letter constituted the final level of administrative appeal offered by Defendants. Said July 25, 2007 and January 31, 2008 letters of denial were attached as Exhibits "E" and "F" respectively to the original complaint.

(Doc. No. 8-1: Am. Compl. ¶ 10, 15, 16 & 17). Taking these pleadings in the light most favorable to Plaintiff, the Court considers whether they amount to either (1) a well-pleaded allegation that Plaintiff in fact exhausted administrative remedies with regard to LTD benefits, or (2) a "clear and positive" showing that applying for LTD benefits would have been futile.

Complicating what would otherwise be a relatively straightforward inquiry is the fact that

the notices of claim denial that Plaintiff received from Jefferson Pilot, attached to the original Complaint as Exhibits D, E, and F, describe the claim as one for STD benefits only. (Doc. No. 1-1 at 64, 66, & 70). Nowhere in Jefferson Pilot's correspondence to Plaintiff does it mention a claim for LTD benefits or make reference to the LTD Group Policy Number. Thus, it appears that Plaintiff's allegation is that he made a claim for both STD and LTD benefits, but Jefferson Pilot processed the claim as one for STD benefits only. At this stage in the litigation, neither party has sought to introduce the initial claim materials that Plaintiff submitted to Jefferson Pilot in March 2007.

Taking the pleadings in the light most favorable to the Plaintiff, dismissal of Plaintiff's LTD benefits claim is unwarranted. Were the Court to find now that Plaintiff failed to exhaust administrative remedies with respect to this claim, it would have to do so by relying on the notices of claim denial written by Jefferson Pilot. And while these letters certainly suggest that Jefferson Pilot viewed the claim as one for STD benefits, they are not proof positive that Plaintiff failed to make an initial claim for LTD benefits as well. Given the inter-related nature of the STD and LTD benefits plans,[2] Plaintiff's alternate theory—that both parties intended for the claim determination and appeals process to cover both STD and LTD benefits—is at least plausible. See Iqbal, 129 S.Ct.

---

[2] There is certainly reason to believe that if Jefferson Pilot denied Plaintiff's claim for STD benefits, finding that Plaintiff was not totally disabled, approval for benefits under the LTD plan would be unlikely. The STD plan defined "total disability" as an "inability, due to Sickness or Injury, to perform the material and substantial duties of [the employee's] regular occupation." (Doc. No. 1-1 at 21). For the first two years of an employee's disability period, The LTD benefits plan defined total disability identically to the definition used in the STD plan. (Id. at 49). After two years, the LTD plan defined total disability as an inability to perform each of the main duties of any occupation that an employee could reasonably secure earning at least 60% of his pre-disability income. (Doc. No. 1-1 at 49). Thus, a determination that Plaintiff was not totally disabled for purposes of the STD policy would make a contrary determination for purposes of the LTD policy highly unlikely.

at 1950-51. Discovery may very well produce evidence, such as the initial claim materials submitted by Plaintiff, that proves his failure to pursue a claim for LTD benefits. But without the benefit of this and other fruits of discovery, the Court declines to find that Plaintiff has failed, as a matter of fact or law, to exhaust administrative remedies for his LTD benefits claim. In light of this determination, the Court finds no need to consider at this time whether the futility doctrine would also apply to excuse the exhaustion requirement in the first place.

### C. Breach of Fiduciary Duty

Jefferson Pilot also moves to dismiss Plaintiff's claim for breach of fiduciary duty on the ground that this claim is preempted by Plaintiff's claim for wrongful denial of benefits under ERISA § 502(a)(1)(B). Plaintiff responds that his breach of fiduciary duty claim is viable at this stage in the litigation under Rule 8(d) as an alternative claim to his cause of action for wrongful denial of benefits.

Section 502(a)(1)(B) of ERISA provides a private right of action for plan participants "to recover benefits due to him under the terms of his [benefits] plan." A second ERISA provision, § 502(a)(3), provides a private right of action for plan participants "to obtain other appropriate equitable relief . . . to enforce any provision of [ERISA] or the terms of the [benefits] plan." It is a residual clause intended to function as "a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." Varity Corp. v. Howe, 516 U.S. 489, 512 (1996). Thus, a plaintiff entitled to a remedy under § 502(a)(1)(B) may not also recover for breach of fiduciary duty under § 502(a)(3). Griggs v. E.I. DuPont de Nemours & Co., 237 F.3d 371, 385 (4th Cir. 2001); Hoyle v. Liberty Life Assur. Co. of Boston, Inc., 291 F. Supp. 2d 414, 417 (W.D.N.C. 2003). However, nothing precludes a plaintiff from initially advancing claims under both § 502(a)(1)(B) and (a)(3) as alternate theories of liability. Fed. R. Civ. P. 8(d);

see also Colin v. Marconi Commerce Sys. Employees' Ret. Plan, 335 F. Supp. 2d 590, 608-09 (M.D.N.C. 2004).

Thus, Plaintiff's claim for breach of fiduciary duty is generally tenable as an alternate claim for relief. However, such a claim must still set forth well-pleaded allegations showing that the plaintiff would be entitled to relief under that theory of liability. Iqbal, 129 S. Ct. at 1950. The paragraphs setting forth Plaintiff's claim (Doc. No. 8-1: Am. Compl. ¶¶ 29-36) are little more than a recitation of the elements of breach of fiduciary duty. Although Plaintiff pleads that Jefferson Pilot "breached the individual and collective duties of fiduciary responsibility" owed to him (Id. ¶ 33), Plaintiff does not allege the underlying conduct that resulted in this breach. And although Plaintiff further concludes that Jefferson Pilot denied him benefits that were "knowingly owed" (Id. ¶ 34), such a conclusion is unwarranted absent supporting facts suggesting that Jefferson Pilot acted maliciously or intentionally. See Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (holding that a court need not accept as true pleadings that are "unwarranted inferences, unreasonable conclusions, or arguments" ). To the extent that Plaintiff alleges that Jefferson Pilot refused to process or ignored his otherwise perfected claim for LTD benefits, these allegations are better suited under § 502(a)(1)(B) to establish administrative exhaustion or, if need be, futility of exhaustion.

In short, Plaintiff's allegations of breach of fiduciary duty are exactly the kind of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that this Court is instructed to dismiss. Iqbal, 129 S.Ct. at 1954; see also Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (merely pleading the words of a particular cause of action is insufficient because the words "are but a legal conclusion; it is the alleged facts supporting those words, construed liberally, which are the proper focus at the motion to dismiss stage"). Accordingly, Plaintiff's claim for breach of fiduciary duty will be dismissed for

failure to state a claim upon which relief may be granted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk shall **STRIKE** the document titled "Amended Complaint" (Doc. No. 13) from the pleadings as improper under Fed. R. Civ. P. 15(a); and

2. Defendant Jefferson Pilot Financial Insurance Company's "Motion to Partially Dismiss Amended Complaint" (Doc. No. 18) is **GRANTED IN PART** and **DENIED IN PART**, that is, **GRANTED** as to Plaintiff's Second Cause of Action for breach of fiduciary duty, and **DENIED** in all other respects.

Signed: March 31, 2010

Robert J. Conrad, Jr.
Chief United States District Judge